**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**CRYSTAL TATE,
ADC #709230**                                                                                           **PLAINTIFF**

**V.                        CASE NO. 1:15-CV-00133 BRW/BD**

**ARKANSAS DEPARTMENT
OF CORRECTION, et al.**                                                                   **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.     Background:**

Plaintiff Crystal Tate, an inmate formerly housed at the Arkansas Department of Correction's ("ADC") McPherson Women's Unit, filed this case pro se under 42 U.S.C. § 1983. In April, 2014, during intake proceedings at McPherson, prison officials tested Ms. Tate for syphilis and high cholesterol. Lab results showed that she was positive for

syphilis and her cholesterol level was 336. (Docket entry #2 at p. 3) In spite of the abnormal lab results, she received a notification from Defendant Betty Hutchinson that her lab work was "fine" and that no follow-up was needed. (#2 at pp. 3-4)

Ten months later, when Ms. Tate was transferred to the ADC's Hawkins Women's Unit, medical staff informed her that her lab results from McPherson indicated that she was positive for syphilis and had high cholesterol. (#2 at p. 4) Medical staff at Hawkins immediately began treating Ms. Tate for both conditions. (*Id.*) After learning of the McPherson lab results, she sent "repeated requests" to Defendants Crystal McCoy and Shonda Boykins to view her medical record. But her requests were "repeatedly ignored," and she was "denied access" to her medical records. (*Id.*)

After the Court ordered service on Defendants Boykins, McCoy, Hutchinson, and Williams, it granted Ms. Tate's motion to amend to identify the "Doe" defendant as Jane Austin, Ms. Hutchinson's assistant. (#14) The Court ordered service on Defendant Austin, but it was returned unexecuted. (#18) Ms. Tate had until June 8, 2016, to provide a valid address for Defendant Austin and to file a motion requesting service of process. (#19) The time for doing so has now passed.

Defendants Boykins, McCoy, Williams, and Hutchinson have moved for judgment on the pleadings claiming that Ms. Tate has not alleged sufficient facts to support a claim against them. (#21) Ms. Tate has not responded to the motion, and the time for doing so has passed.

**III.** **Discussion:**

    A.    Standard

The Court can grant judgment on the pleadings when no material issue of fact remains to be resolved and the moving party is entitled to judgment as a matter of law. *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002). In reviewing the pleadings, the court takes all of the nonmoving party's well pleaded facts as true and draws all reasonable inferences in favor of the nonmoving party. *Poehl*, 528 F.3d at 1096.; see also *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004). Furthermore, pro se litigants such as Ms. Tate are held to a lesser pleading standard than parties represented by lawyers. *Whitson v. Stone County Jail*, 602 F.3d 920, 922 (8th Cir. 2010) (citing *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402, 128 S.Ct. 1147 (2008)).

    B.    Defendants Hutchinson, McCoy, and Boykins

Ms. Tate complains she was "medically neglected" by Defendants, who allegedly violated her eighth amendment rights. (#2 at p. 4) Ms. Tate's complaints against Defendants Hutchinson, McCoy, and Boykins, however, do not state a constitutional claim for relief.

In order to show deliberate indifference, Ms. Tate must assert facts alleging prison officials knew of a serious medical need yet deliberately disregarded it. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Negligence – even gross negligence – is

insufficient to establish deliberate indifference. *Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).

Here, assuming the facts asserted in Ms. Tate's complaint are true, she has alleged negligence. *Id*. Her treatment for syphilis was complete on February 25, 2015, and after being transferred to Hawkins, she was prescribed medication to treat her high cholesterol. She alleges that her blood pressure was so high that she was "at a high risk" for heart attack and stroke, but she does not allege that she suffered either as a result of her untreated high blood pressure. She asserts that her cholesterol level rose from 336 to 339 during the time she did not know about the test results; but while this increase indicates negligence, it does not rise to the level of deliberate indifference. Further, there is no indication that the delay adversely affected Ms. Tate's prognosis. See *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995)(quoting *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir.1995), abrogated on other grounds by *Johnson v. Jones*, 515 U.S. 304 (1995)), as recognized in *Reece*, 60 F.3d at 492 (internal quotation marks omitted))(prisoner alleging a delay in treatment was deliberately indifferent must present verifying medical evidence prison officials "ignored an acute or escalating situation or that [these] delays adversely affected his prognosis.")

Ms. Tate also alleges that, upon discovering the test results, she sent requests to Defendants McCoy and Boykins to review her medical records, but they did not respond. These allegations do not state a constitutional violation. At most, Ms. Tate is suggesting Defendants McCoy and Boykins violated ADC policy by failing to respond to her

4

requests. But a defendant's failure to follow ADC policy does not rise to the level of a constitutional violation. See *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir.1996)); see also e.g. *Rowe v. Norris*, 198 Fed. Appx. 579 (8th Cir. 2006)(a prison official's failure to respond to grievances is insufficient to establish liability).

Taking all of the allegations in the complaint, amended complaint, and attachments as true, Ms. Tate has not stated a deliberate indifference claim against Defendants Hutchinson, McCoy, and Boykins.

C.    Defendant Bernard Williams

Ms. Tate sued Defendant Williams because he is the Medical Department Director and "is over all medical staff." Mr. Williams cannot be sued under 42 U.S.C. § 1983 on a theory that he is generally liable for the misconduct of those whom he supervises. See, *e.g*., *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). "To establish personal liability of the supervisory defendants, [a plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007)("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")(internal quotation marks and citation omitted)). Ms. Tate has not alleged facts showing that Defendant Williams was personally involved in the events giving rise to his alleged deprivation of her rights.

    D.    Defendant Jane Austin

On March 7, 2016, service of process was returned as "undeliverable" for Defendant Austin. (#18) On March 8, 2016, the Court ordered Ms. Tate to ascertain a valid service address for Defendant Austin by June 8, 2016, and warned her that if she did not comply with the Court's Order, her claims against Defendant Austin would be dismissed. (#19) It has been over 120 days since this lawsuit was filed, and Ms. Tate has been unable to provide the Court with a valid service address for Defendant Austin. See FED. R. CIV. P. 4(m).

**IV.**    **Conclusion:**

The Court recommends that the Defendants' motion for judgment on the pleadings be granted and that Ms. Tate's claims against Betty Hutchinson, Shonda Boykins, Crystal McCoy, and Bernard Williams, be DISMISSED, with prejudice. The Court further recommends that Ms. Tate's claims against Defendant Jane Austin be DISMISSED, without prejudice, based on her failure to provide a valid address for Ms. Austin, so that Ms. Austin could be served with process within the time allowed by the Federal Rules of Civil Procedure.

DATED this 16th day of June, 2016.

                                                    UNITED STATES MAGISTRATE JUDGE